# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2025-2444

———————————————

ZACHARY YOUNG and NEMEX
ENTERPRISES, INC.,

    Appellants,

    v.

HEAT MEDIA INC., d/b/a PUCK
NEWS,

    Appellee.

———————————————

On appeal from the Circuit Court for Bay County.
William Scott Henry, Judge.

June 24, 2026

PER CURIAM.

    AFFIRMED.

ROBERTS and TREADWELL, JJ., concur; WINOKUR, J., dissents with
opinion.

―――――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――――

WINOKUR, J., dissenting.

Zachary Young successfully sued Cable News Network (CNN) for defamation. This lawsuit attracted media attention, and some media entities reported on the defamation case in such a way that, according to Young, was defamatory as well, resulting in further lawsuits. One of those lawsuits was against The Associated Press, and one was against Appellee Heat Media. On August 29, 2025, the trial court granted summary judgment in favor of The Associated Press and, on the same day, granted Heat Media's motion to dismiss Young's complaint. Young appealed both decisions to this court. We have affirmed the summary judgment in the Associated Press case, Case No. 1D2025-2442. But given the different procedural posture that this case presented, I believe we should reverse the order dismissing Young's suit against Heat Media.

Although this case never proceeded beyond the pleading stage, the trial court appeared to have treated this case essentially the same as the Associated Press case, which was decided on summary judgment. The judge even began both orders with an identical introduction featuring a colorful metaphor about "sequels, spinoffs, or reboots," comparing the cases unfavorably with the "original" suit against CNN. But the motions decided in the two orders, in fact, were not the same.

A motion to dismiss for failure to state a cause of tests the legal sufficiency—not the factual sufficiency—of a claim. *See Rolle v. Cold Stone Creamery, Inc.*, 212 So. 3d 1073, 1076 (Fla. 3d DCA 2017). When considering a motion to dismiss, the court must take all allegations as true and must draw all reasonable inferences in favor of the non-moving party. *See Rolle*, 212 So. 3d at 1076. Generally, the court is limited to the four corners of the complaint as well as any exhibits attached to the complaint in ruling on a

2

motion to dismiss for failure to state a cause of action. *See*, *e.g.*, *Emerald Corr. Mgmt. v. Bay Cnty. Bd. of Cnty. Comm'rs*, 955 So. 2d 647, 651 (Fla. 1st DCA 2007).

The trial court did not adhere to these standards. The court explicitly indicated that it was relying on the "docket, records, and filings" in the CNN case, because the case was "significantly alluded to in the pleading." This was improper because a court may not use judicial notice "to side-step the four corners rule." *Riggins v. Clifford R. Rhoades, P.A.*, 373 So. 3d 655, 659 (Fla. 6th DCA 2023). More importantly, rather than taking all allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff, the court simply chose Heat Media's interpretation over Young's. As Young put it, the court's task was "not to pick a preferred reading[,]" but "to determine whether a defamatory interpretation is reasonably possible." By choosing one interpretation over the other, the trial court essentially turned the hearing on the motion to dismiss into a bench trial—or at the least, a hearing on an unfiled motion for summary judgment. *See Wells Fargo Bank, N.A. v. Bohatka*, 112 So. 3d 596, 604 (Fla. 1st DCA 2013) ("A motion to dismiss is not a substitute for a summary judgment hearing or a trial.").

In making this observation, I do not suggest that Young could have survived a motion for summary judgment, if Heat Media had filed one. But I believe the court erred in treating the motion to dismiss as if it had been a motion for summary judgment.

—————————————

Jason C. Greaves and Jared J. Roberts of Binnall Law Group, PLLC, Alexandria, Virginia, for Appellants.

Rachel E. Fugate and Minch Minchin of Shullman Fugate PLLC, Tampa; Nathan Siegel and Meenakshi Krishnan of Davis Wright Tremaine LLP, Washington, DC, pro hac vice, for Appellee.